UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLD DOMINION FREIGHT LINE, INC., | ) | CASE NO. 5:20-cv-187 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CLINTON ALUMINUM U.S., INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Clinton Aluminum U.S., Inc. ("defendant" or "Clinton Aluminum") to dismiss the complaint filed by plaintiff Old Dominion Freight Line, Inc. ("plaintiff" or "Old Dominion"). (Doc. No. 13 ["MTD"]; *see* Doc. No. 1 (Complaint ["Compl."]).) Old Dominion opposed the motion (Doc. No. 15 ["Opp'n"]), and Clinton Aluminum has filed a reply. (Doc. No. 16 ["Reply"].) Because the claims in the complaint are time-barred under 49 U.S.C. § 14705(a), Clinton Aluminum's motion is granted.

I. **BACKGROUND**

Old Dominion is a "motor carrier as that term is defined by 49 U.S.C. § 13102(14)." (Compl. ¶ 6.) It initiated the present federal action against Clinton Aluminum, a manufacturer and nationwide distributor of aluminum and steel, on January 29, 2020. According to the complaint, "[o]n or about June [1], 2017," Clinton Aluminum engaged Old Dominion's shipping services on a credit account. (*Id*. ¶ 8.) Old Dominion alleges that Clinton Aluminum "defaulted on the terms of [its] Tariffs by virtue of failing to make timely payments due thereunder for [its]

shipping services." (*Id.* ¶ 10.) It maintains that Clinton Aluminum "owes the sum of $118,128.31 for goods and/or services sold and delivered between January 11, 2018 and July 19, 2018." (*Id.* ¶ 13; *see id.* ¶ 11.) The complaint raises three state law claims—breach of contract, goods and services sold and delivered, and unjust enrichment—and asserts federal diversity jurisdiction under 28 U.S.C. § 1332.

Clinton Aluminum now seeks dismissal of the claims on the ground that they are untimely. It suggests that "[t]his is a simple motion." (Mot. at 58[1].) According to Clinton Aluminum:

> As an authorized interstate motor carrier, federal law requires [Old Dominion] to bring any claims to recover charges for its services within eighteen months after the claim accrued. 49 U.S.C. § 14705(a). Old Dominion missed this deadline. Old Dominion has thus failed to state a claim upon which relief can be granted under Civ. R. 12(b)(6) and this Court should dismiss its complaint.

*Id.*

But Old Dominion insists that it is not that simple because there is more to the story. Specifically, it underscores the fact that it timely filed an action in state court. On October 16, 2018, Old Dominion filed suit in the Summit County Court of Common Pleas against Clinton Aluminum, and Clinton Aluminum, in turn, filed a third-party complaint against Interchez Logistics Systems, Inc. ("Interchez"). In its third-party complaint, Clinton Aluminum alleged that it used Interchez as a broker and paid it for the shipments performed by Old Dominion. On February 28, 2019, Interchez petitioned for Chapter 7 bankruptcy in federal court. In response to the notice of bankruptcy, the state court stayed its action in its entirety. Old Dominion subsequently moved to lift the stay as it related to Clinton Aluminum, but the state court

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

overruled the motion. (Opp'n at 78–9.)

Believing it was left with "no recourse" in state court "due to the state court's misapplication of the automatic bankruptcy stay," Old Dominion voluntarily dismissed its state action against Clinton Aluminum on December 18, 2019. (*Id.* at 79.) Old Dominion then "attempted to file [the present federal action] in early January 2020 but was delayed due to certain electronic filing registration requirements." (*Id.*) As previously noted, the present action was filed on January 29, 2020.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that, in ruling on a Rule 12 dispositive motion, a district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Comm. Money Ctr., Inc. v. Illinois Union Ins. Co*., 508 F.3d 327, 335–6 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss).

### III. DISCUSSION

At the center of Clinton Aluminum's motion to dismiss is 49 U.S.C. § 14705(a), which provides, in full:

A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.

For claims involving interstate transportation, the claim accrues at the time of delivery. *CGH Transport, Inc. v. Quebecor World, Inc*., 261 F. App'x 817, 821 (6th Cir. 2008) (citing 49 U.S.C. § 14705(g)). And it is well settled that the eighteen month limitations period is not limited to federal claims seeking to recover tariffs, but applies to all civil actions brought by motor carriers to recover charges for shipping services, even claims brought under state law. *See Emmert Indus. Corp. v. Artisan Assoc., Inc*., 497 F.3d 982, 988 (9th Cir. 2007); *Arctic Exp., Inc. v. Del Monte Fresh Produce NA, Inc.*, 366 B.R. 786, 792 (S.D. Ohio 2007) (finding that the eighteenth month statute of limitations applies "independently of" the state law claims brought by interstate shipper to recover for unpaid shipping services); *see, e.g., CGH Transp., Inc. v. Quebecor World, Inc*., No. 05-cv-209, 2006 WL 1117659, at *2 (E.D. Ky. Apr. 24, 2006) (applying § 14705(a) to state law claims brought by motor carrier).

Referencing Old Dominion's Statement of Accounts, appended to the complaint as Exhibit A, Clinton Aluminum observes that the dates of the relevant shipments range from January 11, 2018 to July 19, 2018. (Mot. at 59, citing Doc. No. 1 (Statement of Accounts ["SA"]) at 4–11 and Compl. ¶ 13.) The delivery dates appear on Old Dominion's delivery receipts. (Doc. No. 13-1 (Delivery Receipts ["DR"]) at 65.)[2] The last two delivery dates, respectively, were July 23, 2018 and July 27, 2018. (*Id*., citing SA at 6.) Eighteen months after July 27, 2018, the last date of delivery, is January 27, 2020. Old Dominion filed its complaint on January 29, 2020—two days beyond the limitations period for even the most recent shipment.

---

[2] The Court may consider these documents without converting the motion to dismiss to one for summary judgment because the delivery dates are central to Old Dominion's claims, and the Statement of Accounts, which Old Dominion attached to and referenced in the complaint, references the corresponding "Pro Number" for the specific shipments. *See, e.g., Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) ("In evaluating a motion to dismiss, [the court] may consider … exhibits attached to defendant's motion to dismiss so long as they are referenced in the complaint and are central to the claims contained therein.") In any event, these dates are undisputed.

5

According to Clinton Aluminum, this means that all of Old Dominion's claims are time-barred. (*Id*. at 60.)

Old Dominion does not dispute the relevant delivery dates, nor does it take issue with Clinton Aluminum's calculations. Instead, it offers several alternative reasons why its state law claims are timely. First, it argues that the Court should apply Ohio's savings statute to its claims. Pursuant to Ohio Rev. Code § 2305.19(a), a party may refile a lawsuit that was dismissed other than on the merits within one year of the dismissal. But Sixth Circuit law is clear that federal courts do not apply state savings statutes to federal statutes of limitation. *See Smith v. Nationstar Mortg., LLC*, 756 F. App'x 532, 534 (6th Cir. 2018). In refusing to apply Ohio's savings statute to a claim brought under the Fair Debt Collections Practices Act ("FDCPA"), the court in *Smith* explained that its decision was rooted in Supreme Court precedent, as that Court had previously held that "'the incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity.'" *Id*. (quoting *Burnett v. New York Cent. R.R. Co*., 380 U.S. 424, 433, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965)). The Sixth Circuit has "invoked *Burnett* repeatedly when determining whether to apply state savings statutes to other federal laws[.]" *Id*. (collecting cases).

The application of *Burnett* is especially appropriate for claims subject to the limitations period in § 14705(a) because Congress's intent in passing the Interstate Commerce Commission Termination Act ("ICCTA") was "'to ensure that all interstate transportation is subject to the same rules and procedures.'" *Emmert*, 497 F.3d at 987 (quoting H.R. Rep. No. 104-311, at 85 (1995)). Obviously, permitting the length of time a motor carrier can bring a claim to vary based on the savings statutes of a particular state would frustrate the "intent to create uniform

regulation" that is "evident throughout the ICCTA[.]" *Id*. The Court, therefore, will not permit Old Dominion to use the Ohio savings statute to resurrect claims otherwise barred by a federal statute of limitations.³

Second, Old Dominion maintains, without support, that application of the federal limitations period to its claims would be improper because the "begin a civil action" language found in § 14075(a) is ambiguous. (Opp'n at 80–81.) Determination of the meaning of a statute begins with the plain language of the statute itself. *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. -Ct. 1026, 103 L. Ed. 2d 290 (1989). When the statutory language is plain and unambiguous, "judicial inquiry is complete, except in rare and exceptional circumstances." *Rubin v. United States*, 449 U.S. 424, 430, 101 S. Ct. 698, 66 L. Ed. 2d 633 (1981) (quotation marks and citations omitted). Courts have consistently found the language of § 14705(a) clear and unambiguous. *See Emmert*, 497 F.3d at 987 (finding § 14705(a) to be complete and unambiguous); *F.O.R. Roofing Contractor, Inc. v. Aqua Gulf Exp., Inc.*, 53 F. Supp. 3d 523, 525 (D. P.R. 2014) (finding that § 14705(a) "unambiguously" applies to claims brought by motor carrier); *Arctic Express*, 366 B.R. at 792 (finding that, based on "the clear language" of § 14705(a), the statute of limitation is not limited to actions on tariffs); *Cent. Transp. Int'l, Inc. v. Schuetz Container Sys., Inc.*, No. 04-cv-72935, 2007 WL 1007492, at *7 (E.D. Mich. Mar. 29, 2007) ("Under the plain language of [§ 14705(a)], then, Plaintiff was required to bring any suit to

---

³ Case law cited by Old Dominion does not support a contrary conclusion, as Clinton Aluminum correctly observes that each case is easily distinguished. (*See* Opp'n at 80, citing cases.) For example, *Atwood v. UC Health* was a diversity case subject to a state law limitations period. No. 1:16-cv-593, 2018 WL 3956766, at *2 (S.D. Ohio Aug. 17, 2018). There, the Sixth Circuit noted only that Ohio Rev. Code § 2305.19 applied to Ohio's medical malpractice statute of limitations. *Id*. at *8. Similarly, at issue in *Admiral Ins. Co. v. W.J. Serv. Co.*, was whether Ohio's savings statute applied to another Ohio statute of limitations. 894 F.2d 407 (Table), 1990 WL 4607, at *1 (6th Cir. 1990). The same is true of *Coleman v. Dep't of Rehab. & Corr.*, in which the court analyzed whether § 2305.19 applied to another Ohio statute of limitations. 46 F. App'x 765, 769 (6th Cir. 2002). None of the cases cited by Old Dominion stands for the proposition that Ohio's savings statute should be applied to a federal limitations statute.

recover unpaid charges within 18 months after delivery of the shipment giving rise to the charges.")

According to Old Dominion, the alleged ambiguity in § 14705(a) lies in the fact that the statute does not explicitly specify whether filing a state court action and then voluntarily dismissing it constitutes "begin[ning] a civil action." (Opp'n at 81.) But a statute is not ambiguous merely because a statute's "authors did not have the forethought expressly to contradict any creative contortion that may later be constructed to expand or prune its scope." *Calix v. Lynch*, 784 F.3d 1000, 1005 (5th Cir. 2015) (quotation marks and citation omitted).

Moreover, there would have been no reason to include language specifying whether such a procedural maneuver satisfies the "begin a civil action" requirement. "It is a well recognized principle that a statute of limitations is not tolled by the filling of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed." *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3rd Cir. 1983). *See Gill v. Locricchio*, No. 04-cv-70164, 2011 WL 3809941, at *2 (E.D. Mich. Aug. 29, 2011) ("It is clear in [the Sixth Circuit] that 'dismissals without prejudice operate to leave the parties as if no action had ever been commenced. … If the period of limitations has run by the point of such dismissal, any new action is generally untimely.'") (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987)). The Court will not find § 14705(a) ambiguous merely because it does not specifically exclude from consideration the filing of prior actions that are deemed by well settled federal law to have never existed.

Finally, Old Dominion suggests that it is entitled to equitable tolling. A litigant may be entitled to equitable tolling of a statute of limitations under certain conditions. In determining

whether equitable tolling applies, courts look at five factors: "1) lack of notice of requirement to file suit; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant[]; and 5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (further citation omitted)). "[E]quitable tolling should be used 'sparingly' in 'extreme cases' when the failure to invoke equitable tolling would result in 'unacceptably unjust outcomes.'" *In re Fay Foods, Inc.*, 766 F. App'x 204, 212 (6th Cir. 2019) (citation omitted).

With regard to the first and second factors, Old Dominion does not (and cannot) argue that, as a motor carrier, it lacked notice of the filing requirements set forth in § 14705(a), and, in any event, "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Cheatom*, 587 F. App'x at 281 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *see also Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 234 (6th Cir. 1974) (finding that a plaintiff's ignorance of his rights is insufficient to overcome a statute of limitations defense). As for diligence, Old Dominion waited nine months after the earliest shipments (in January 2018) to file its state case, and filed its federal complaint two years after the claims first began accruing. While Old Dominion ultimately missed the filing deadlines by only two days for the last shipment, the limitations period on the earlier shipments had lapsed long before then.[4]

The fifth factor also fails to support equitable tolling. As the Sixth Circuit has explained,

---

[4] Even after filing the present action, Old Dominion delayed in prosecuting its rights. In June 2020, five months after Old Dominion filed its complaint, the Court had to issue a show cause order directing Old Dominion to explain why it had not yet served Clinton Aluminum. (Non-document Order, June 8, 2020). While the Court accepted counsel's explanation that he mistakenly believed clerk service was automatic upon the filing of a complaint, the explanation failed to demonstrate diligence. (*See* Doc. No. 11 (Response to Show Cause Order).)

"[e]quitable tolling applies when … [the] plaintiff, despite exercising diligence, remains unaware of [its] causes of action." *Cheatom*, 587 F. App'x at 281 (quotation marks and citation omitted). Old Dominion cannot claim, in good faith, that it was unaware that Clinton Aluminum failed to pay for its shipping services. To the extent that Old Dominion was unaware that the Sixth Circuit would not apply the Ohio savings statute to a federal statute of limitations period, or that a voluntarily dismissed action could not toll a statute of limitations, the Court has already noted that ignorance of the law is no excuse. Even if the Court assumes that Clinton Aluminum will suffer no prejudice from tolling the statute, the Court finds that a balancing of the factors weighs against the application of equitable tolling.

In reaching this conclusion, the Court is not persuaded by Old Dominion's argument that the filing of the complaint was delayed because its counsel "was forced to go through certain electronic filing registrations and requirements[.]" (Opp'n at 83.) The Court agrees with Clinton Aluminum that "[h]aving to properly register and file in accordance with the published rules of the Northern District of Ohio—like every other lawyer—is hardly the 'extraordinary' circumstance contemplated by equitable tolling." (Reply at 89.) Nor is the fact that the state court action was stayed during the pendency of Interchez's bankruptcy action an extraordinary circumstance. Temporary stays of civil actions while parties pursue bankruptcy are commonplace. Regardless of whether the state court was correct in its decision to temporarily stay the entire action, it was Old Dominion that elected to dismiss rather than wait for Interchez's bankruptcy action to be resolved. Old Dominion chose to come to federal court but did so outside the governing statute of limitations. Old Dominion has not demonstrated that this one of the rare "extraordinary" cases where equitable tolling is necessary to avoid an "unacceptably

unjust outcome." Old Dominion's claims are untimely and subject to dismissal.

## IV. CONCLUSION

For all of the foregoing reasons, Clinton Aluminum's motion to dismiss Old Dominion's claims as time-barred is GRANTED. This case is closed.

**IT IS SO ORDERED**.

Dated: November 24, 2020

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**